THE BETTER HOME BUILDERS, INC. *vs.* GERMAINE T. CALABRO.

APRIL 25, 1962.

PRESENT: Condon, C. J., Roberts, Paolino, Powers and Frost, JJ.

296

CONDON, C. J. This action of waste is here on the plaintiff's exception to the superior court's decision sustaining the defendant's demurrer to the declaration.

The plaintiff contends that the demurrer should have been overruled because it was not "accompanied with a statement of the specific grounds" thereof as required by G. L. 1956, §9-6-6. The plaintiff did not raise this precise question in the superior court but accepted the issue tendered by the demurrer and went to a hearing on its merits. It assumes that its exception enables it to raise such question here. This is a mistaken assumption. It is elementary that an exception must relate to a specific ruling or decision. In the present instance the exception relates solely to the decision sustaining certain grounds of the demurrer and not

at all to whether the demurrer itself was invalid and therefore not entitled to consideration. That question should have been raised for the superior court's determination by a motion to strike before any hearing was had on the merits of the demurrer.

Ordinarily, plaintiff's failure to obtain a ruling on such question in the superior court would preclude it from obtaining a review in this court. However, since our view of the law governing the point relied on by plaintiff will not result in a reversal of the superior court's decision sustaining the demurrer, and since such point involves a matter of pleading that in the interest of expediting litigation it would be desirable to have settled, we have decided to consider plaintiff's contention.

The demurrer contains five separately numbered grounds. The superior court sustained two which read as follows: "4. The plaintiff's declaration fails to allege sufficient fact to show that the defendant has committed waste. 5. Plaintiff's declaration is so vague, indefinite and uncertain that it fails to apprise the defendant of the plaintiff's claim and the defendant is unable to fairly plead thereto." The plaintiff contends that the demurrer on neither ground is sufficiently specific to meet the requirement of the statute in that it fails to set forth what necessary facts are omitted from the declaration and also fails to state wherein the declaration is vague. For these reasons it contends that the demurrer is in effect no more than a general demurrer and as such not allowable under the statute.

In our opinion there is no merit in such reasons. A general demurrer at common law set forth no grounds and it was necessary to aver therein only that the declaration was insufficient. The statute abolished such a demurrer by requiring that it specify the ground or grounds on which it is based. But the statute did not provide to what extent such specificity must go. Consequently the mere statement of the grounds regardless of their sufficiency in definiteness

meets the statutory requirement. Here, the fifth ground is that the declaration is vague and uncertain. This is clearly a specific ground because it alleges in effect that the declaration violates the rule of certainty.

As is well known, certainty in pleading is a first desideratum of the common law. While the highest degree of certainty to a certain intent in every particular is not required in a declaration such certainty to a general intent is required. This rule of certainty is sometimes referred to as reasonable certainty. *Lee* v. *Reliance Mills Co.*, 21 R. I. 322; *Eaton Realty Co.* v. *Petroleum Heat & Power Co.*, 77 R. I. 345.

A defendant is not bound to answer a declaration which violates that rule and we have heretofore held that an allegation of vagueness in the plaintiff's statement of his case is of itself a good ground of demurrer. *F. W. Woolworth Co.* v. *Sunlight Chemical Corp.*, 63 R. I. 384. Therefore we are of the opinion that the defendant has substantially complied with the requirements of G. L. 1956, §9-6-6, by his statement of the grounds which the superior court sustained.

The plaintiff's exception is overruled, and the case is remitted to the superior court for further proceedings.

*Pontarelli & Berberian, Aram K. Berberian,* for plaintiff.

*William T. Kanelos,* for defendant.